UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
UNITED STATES OF AMERICA,

                                                                                            18-cr-414 (PKC)

      -against-                                                                     ORDER

ODHEL HERNANDEZ,

                             Defendant.
------------------------------------------------------------x

CASTEL, U.S.D.J.

        Odhel Hernandez has filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A).  (Doc 75.)  He is serving a sentence of principally 96 months' imprisonment and is incarcerated at the Federal Correctional Institution, Allenwood Medium located in Allenwood, Pennsylvania.  He has served approximately 34 months of his sentence and is expected to be released on March 22, 2025 per the BOP website.[1]

        Section 3582(c)(1)(A) of title 18 provides that "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier," a court may reduce such defendant's sentence if it finds that "extraordinary and compelling circumstances warrant such a reduction."  18 U.S.C. § 3582(c)(1)(A)(i).  The Court has broad discretion and may consider all circumstances in combination or isolation.  United States v. Brooker, 976 F.3d 228, 237–38 (2d Cir. 2020).  The Court must also consider the "factors set forth in section 3553(a) to the extent that they are applicable."  18 U.S.C. § 3582(c)(1)(A); see also United States

---

[1] See Find an inmate, Federal Bureau of Prisons (last accessed March 30, 2021), https://www.bop.gov/inmateloc/.

v. Roney, 2020 WL 6387844, at *1 (2d Cir. Nov. 2, 2020) ("Prior to reducing a defendant's term of imprisonment, however, a district court must consider the factors set forth in section 3553(a) to the extent they are applicable.") (summary order; quotation marks omitted).

Hernandez submitted a request for a sentence reduction to the Warden of FCI Allenwood Medium on January 11, 2021.  (See Doc 75 – Ex. A.)  More than thirty days have passed, and the government does not contest administrative exhaustion.  Upon release, he plans to reside in a single-occupancy room sponsored by HASA, a New York City-run program to support individuals suffering from autoimmune diseases.

Hernandez argues that his present health condition along with the spread of COVID-19 at FCI Allentown Medium put him at a heightened health risk.  He currently suffers from an autoimmune disease, as well as hypertension.  He takes medication to manage his hypertension.  Current CDC guidance states that adults who suffer from autoimmune disorders or hypertension may be "more likely to get severely ill from COVID-19."[2]

Hernandez tested positive for COVID-19 in late September 2020.  He was spared the worst of the symptoms and appears to have recovered, although he asserts that he still suffers from lingering musculoskeletal pain and exhaustion from the disease.  The CDC has stated that "[c]ases of reinfection with COVID-19 have been reported, but remain rare," and advises persons who have been infected to maintain protective measures.[3]  The CDC also has stated that the "[p]resence of antibodies following natural infection may produce some level of protection

---

[2] People with Certain Medical Conditions, Centers for Disease Control and Prevention (last updated Mar. 29, 2021), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.
[3] Reinfection with COVID-19, Centers for Disease Control and Prevention (last updated Oct. 27, 2020), https://www.cdc.gov/coronavirus/2019-ncov/your-health/reinfection.html.

from re-infection. . . ."[4]  At present, risk of reinfection is unquantifiable.  The CDC also advises that "[w]hile most persons with COVID-19 recover and return to normal health, some patients can have symptoms that can last for weeks or even months after recovery from acute illness."[5]

The Court accepts that a person at liberty has greater control than an incarcerated person over his surroundings and can quarantine, practice social distancing and use personal protective equipment as he sees fit.  In the event that Hernandez was reinfected the COVID-19 virus, he would have greater control over the course of his medical treatment if he were at liberty rather than incarcerated.  The Court also recognizes that FCI Allenwood Medium was recently in the midst of a COVID-19 outbreak.  However, that outbreak has subsided, as the BOP currently reports only one active case among inmates, and none among staff.[6]

Taking full account of Hernandez's medical condition, the conditions at FCI Allenwood Medium and the section 3553(a) factors, the motion will be denied.

On September 5, 2018, Hernandez pleaded guilty to one count of conspiring to distribute narcotics in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B).  (Doc 19 (Plea Tr.).)  As the Presentence Report ("PSR") sets out, Hernandez assisted his co-defendant in the sale of 400 grams of a mixture of heroin and fentanyl.  (Doc 30 (PSR) ¶¶ 8–17.)  Specifically, Hernandez delivered the package of narcotics to a police cooperator as his co-defendant negotiated the money and drug quantity of the transaction.  (Id.)  This was not Hernandez's first encounter with law enforcement.  He has seven prior convictions, dating back to 1995 when he was 22 years old.  All seven convictions are narcotics related.  (PSR at ¶¶ 32–38.)

---

[4] Interim Guidelines for COVID-19 Antibody Testing, Centers for Disease Control and Prevention (last updated Mar. 17, 2021), https://www.cdc.gov/coronavirus/2019-ncov/lab/resources/antibody-tests-guidelines.html.
[5] Long-Term Effects of COVID-19, Centers for Disease Control and Prevention (last updated Nov. 13, 2020), https://www.cdc.gov/coronavirus/2019-ncov/long-term-effects.html.
[6] COVID-19 Cases, Federal Bureau of Prisons (last accessed Mar. 31, 2021), https://www.bop.gov/coronavirus/.

Hernandez was sentenced on February 8, 2019.  (Doc 44 (Sentencing Tr.).)  The advisory Guidelines range of imprisonment was between 188 to 235 months.  (Sentencing Tr. at 9.)  Probation recommended a below-Guidelines sentence of 120 months.  (Id.)  The Court sentenced Hernandez to 96 months' imprisonment, well below both the Guidelines range and the recommendation from Probation.  In its statement of reasons, the Court explicitly noted that it had "taken into account that the sales here are not of quantities that bespeak of a profit-making enterprise beyond supporting his own drug habit and perhaps surviving on the street."  (Id.)  However, in light of Hernandez's repeated narcotics convictions, and the dangers of the substances that he had previously sold, the sentence was warranted to protect the public and deter others from engaging in such conduct.  Reducing Hernandez's sentence to time served would have the effect of reducing the sentence by approximately 62 months.[7]

The Court has considered the need to protect the public from further crimes of Hernandez, who has repeatedly engaged in the sale of narcotics.  It has also taken account of all the other section 3553(a) factors, including the seriousness of the offense, the need for just punishment, and Hernandez's history and characteristics.  The Court has also considered the time he has served in prison to date (less than half of his term of imprisonment), his medical conditions, including his hypertension and autoimmune disease, and his admirable post-conviction conduct thus far.  The Court has also considered the conditions at his BOP facility and the on-going COVID-19 pandemic.  Though FCI Allenwood Medium has struggled at times with the spread of the virus, the spread has subsided within the facility.  Taking all

---

[7] Hernandez relies on Chief Judge McMahon's decision granting compassionate release to an FCI Allenwood Medium inmate in United States v. Stolarz, 11 cr 230, 2020 WL 7230680 (S.D.N.Y. Dec. 8, 2020) (McMahon, CJ). But the factors guiding Chief Judge McMahon's decision there were that the defendant was 79 years of age and had only 13 months left of a within-Guidelines 151-month sentence.  Stolarz, 2020 WL 7230680 at *5.

- 5 -

considerations both in isolation and in combination, the Court concludes that Hernandez has not demonstrated an extraordinary and compelling reason to reduce his sentence.

       SO ORDERED.

_____<br>
P. Kevin Castel<br>
United States District Judge

Dated: New York, New York<br>
       March 31, 2021